T. B. HORD GRAIN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2398, 7291. Promulgated March 16, 1927.

1. Petitioner made its income-tax return for the fiscal year ended June 30, 1918. The Commissioner determined that it was entitled to have its tax computed under the special assessment section of the Act. The Commissioner computed the tax by comparison with the tax paid by representative concerns in 1917 and 1918. Petitioner claimed that for the six months of the fiscal year falling in 1917 the tax should be computed at the statutory rates and for the six months in 1918 should be computed under the special assessment section. *Held*, where the tax is to be computed under the special assessment section, the tax for the entire year must be so computed.

2. A return for a fiscal year ending in 1918 is governed wholly by the provisions of the Revenue Act of 1918 and not by the Revenue Acts of 1916 and 1917. Such a return is for one period of twelve months and not for two periods of six months each.

3. Sections 335 and 328 of the Revenue Act of 1918 construed.

*Ben Jenkins, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the respondent.

The petitioner appeals from determinations by the Commissioner of deficiencies in income and profits taxes of $2,686.19 and $4,003.89, for the fiscal years ended June 30, 1918, and June 30, 1920, respectively. The petitioner purports to include the fiscal year ending June 30, 1919, in its appeal but it does not appear that the Commissioner has determined any deficiency for such year.

#### FINDINGS OF FACT.

The taxpayer is a Nebraska corporation with its principal office at Central City. The Commissioner determined that the taxpayer was entitled to have its profits tax liability for the fiscal year ended June 30, 1918, computed upon the basis of a comparison with a group of representative concerns pursuant to the special assessment provisions of the statute. He computed the profits tax liability for such fiscal year as follows:

| | |
|---|---|
| Profits tax upon income of the fiscal year (12 months) at 1917 rates | $67,741.43 |
| Profits tax upon income of the fiscal year (12 months) at 1918 rates | 95,498.35 |

As six months of the fiscal year falls within the calendar year 1917 and six months within the calendar year 1918, the Commissioner computed the total profits tax liability to be one-half of the sum of the above amounts.

The profits tax liability for the fiscal year ended June 30, 1918, computed on a twelve-month basis at the 1917 rates, in accordance with section 210 of the Revenue Act of 1917, is $67,741.43. The profits tax liability for this same fiscal year, computed under section 201 of the Revenue Act of 1917, is $56,302.71. The profits tax liability for the fiscal year ended June 30, 1918, computed under section 328 of the Revenue Act of 1918 on a twelve-month basis is $95,498.35. The profits tax liability for this same fiscal year, computed under section 301 of the Revenue Act of 1918, is $119,535.14.

OPINION.

PHILLIPS: Believing that abnormalities existed with respect to its income and invested capital for the fiscal year ended June 30, 1918, the taxpayer sought and was granted the privilege of a computation of its tax liability under the so-called special assessment sections of the Revenue Act of 1918, sections 327 and 328. It alleges, however, that the Commissioner erred in his interpretation of the statute in computing the tax.

The fiscal year of the taxpayer ended June 30, 1918, and its return was filed for that period. The statute provides in section 335 (a) for the computation of the tax in such circumstances as follows:

That if a corporation (other than a personal service corporation) makes return for a fiscal year beginning in 1917 and ending in 1918, the tax for the first taxable year under this title shall be the sum of: (1) the same proportion of a tax for the entire period computed under Title II of the Revenue Act of 1917 which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates specified in subdivision (a) of section 301 which the portion of such period falling within the calendar year 1918 is of the entire period.

It will be noted that while this section provides for the computation of the 1917 portion of the tax under Title II of the Revenue Act of 1917, the 1918 portion of the tax is to be computed, not under Title III of the 1918 Act, but only under section 301. If this section of the statute be read alone, there is no authority for computing the tax under section 328, where the return is for a fiscal year ended in 1918.

The Commissioner determined, however, that the taxpayer was entitled to the benefits of the special assessment section (328). In the application of that section, instead of determining the tax upon the basis of the average tax of representative corporations with a fiscal year ended June 30, 1918 (if such there be), the Commissioner arrived at the tax by determining the average tax of representative

corporations for 1917 and for 1918 and computing the tax upon the basis thereof. The tax so computed was $81,619.89, some $6,300 less than that computed under section 335.

The taxpayer claims, however, that for each six-month period the tax must be computed at the rates prescribed by statute and compared with that paid by representative concerns. The lower of the two computations must then be taken in each of the six-month periods. In this manner taxpayer seeks to have its tax for the first six months computed at the statutory rates and for the second six months under the special assessment section. We see no authority in the law to support such a contention.

The Revenue Act of 1918 repealed the Revenue Act of 1917, so far as any tax liability for a fiscal year ending after December 31, 1917, was concerned. The taxpayer is not making a return for two periods, one under the 1917 Act, the other under the 1918 Act. His return is made wholly under the 1918 Act. Looking to that Act we find provisions for computation of the tax under sections 301, 328, and 335. Section 301 has no application to the full year because of the provisions of section 335. The tax under 335 is greater than that under 328. Since the other requirements are admitted to exist, the taxpayer becomes entitled to a computation under the latter section. This is the computation which the Commissioner has allowed.

Petitioner invokes the rule that tax laws are not to be extended beyond their provisions and that doubt is to be resolved so as to avoid imposition of a tax not expressly authorized. It is not our understanding that this means that in order to benefit one taxpayer the law must be so construed that it will unjustly tax many others. With this thought in mind, an examination of the provisions of the statutes will disclose that the Revenue Act of 1917 provides only one ground for special assessment while the Revenue Act of 1918 provides several. The latter act extends these relief provisions to many taxpayers not entitled thereto under the previous act. If the taxpayer's contention is sound, those taxpayers who have a fiscal year ending in 1918, and who have grounds for special assessment under the 1918 Act but not under the 1917 Act, can have special assessment only as to the portion of their taxable year falling in the calendar year 1918. For the portion falling in 1917 they may not have special assessment. There is nothing in the law which can support such a conclusion; rather, the law was intended to extend the benefits of special assessment to taxpayers not previously entitled thereto. This special assessment is to be for the taxable year, not for a part only. If the statute needs any construction, we believe this is the one which must be adopted as a liberal interpretation of a relief provision. But in our opinion a careful reading will indicate that the statute is sufficiently explicit to require no interpretation of its intendment.

The fundamental error in the position of the taxpayer, as we see it, is that it overlooks the repeal of the 1917 Act and the fact that the tax must be determined entirely under the provisions of the 1918 Act, even though it may be measured by the rates which prevailed in 1917. The return is for one year under the 1918 Act and not for two fiscal periods under two acts. If the tax is to be computed under the special assessment section of the Act, it must be so computed for the entire year. To arrive at the proper amount, it may be necessary, as a basis, to use the tax paid by representative concerns in 1917, but this does not mean that the tax is levied under the 1917 Act or that the provisions of that act have any application. The determination of the Commissioner in respect to the computation of the tax is approved.

A further error in the computation of the deficiency for each of the years involved was alleged but no proof offered.

For the fiscal year 1920 the sole remaining allegation of error is that in computing invested capital too great a deduction was taken for the income and profits taxes for the fiscal year 1918. Having approved the Commissioner's determination with respect to 1918, it follows that there is no error in this respect.

*Decision for the Commissioner will be entered.*